Robert P. Goe – SBN 137019
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Ave., Ste. 1200
Irvine, CA 92612
RGoe@goeforlaw.com
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Steven M Speier,
Chapter 7 Trustee.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Daisy Wheel Ribbon Co., Inc.,<br><br>Debtor.<br><br>STEVEN M SPEIER, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Daisy Wheel Ribbon Co., Inc.,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Milwaukee, WI, an Alabama Corporation, HAROLD W. BAER, an Individual; and SHARON M. BAER, an Individual,<br><br>Defendants. | Case No. 6:20-bk-10762-MH<br><br>Chapter 7 Proceeding<br><br>Adv. Case No.: 6:21-ap_____-MH<br><br>**COMPLAINT:**<br><br>1. **TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 548(a)(1)(A), AND 550, AND CALIFORNIA CIVIL CODE § 3439.04(a)(1);**<br>2. **TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 548(a)(1)(B) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2) AND 3439.05;**<br>3. **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 550(a); AND**<br>4. **TO RECOVER AND PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE.** |

1

**TO DEFENDANT AND THE DEFENDANT'S ATTORNEYS OF RECORD, IF ANY:**

Plaintiff Steven M Speier (the "Trustee" or "Plaintiff"), solely in his capacity as chapter 7 trustee of the bankruptcy estate (the "Estate") of Daisy Wheel Ribbon Co., Inc. (the "Debtor") brings this adversary proceeding and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division, entitled *In re Daisy Wheel Ribbon Co., Inc.,* case number 6:20-bk-10762-MH. The outcome of this adversary proceeding will have a significant effect on the bankruptcy estate because it will impact the disposition of property of the estate and the amount of money available for distribution to creditors.

2. The instant adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), (H) and (O). To the extent that any claim for relief contained herein is determined not to be a core proceeding, the Trustee consents to the entry of final judgment and orders by the Bankruptcy Court.

3. This adversary proceeding is filed pursuant to Federal Rules of Bankruptcy Procedure 7001. Trustee, as the chapter 7 Trustee of the Estate, has standing to bring this action pursuant to 11 U.S.C § 323.

4. Pursuant to FRBP 7008, each defendant is hereby notified that FRBP 7008(a) requires each defendant to plead whether the claims for relief alleged against such defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

5. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409(a).

\\\

2

**THE PARTIES**

6. The Trustee brings this action solely in his capacity as the Trustee for the benefit of the Estate and its creditors in the bankruptcy case. To the extent that the Trustee hereby asserts claims under 11 U.S.C. § 544(b), the Trustee is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law prior to the Petition Date (defined below).

7. The Trustee was appointed upon the filing of the bankruptcy case. As a result, the Trustee does not have personal knowledge of many of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. The Trustee reserves his right to amend this Complaint to allege additional claims against all defendants and to challenge and recover transfers made to or for the benefit of all defendants in addition to those transfers alleged in this Complaint.

8. The Debtor is and was, at all relevant times, a corporation organized under the laws of the State of California, with its principal place of business, prior to the Petition Date, located at 8575 Red Oak Ave, Rancho Cucamonga, California.

9. Defendant Northwestern Mutual Life Insurance Company ("NM") is a corporation established under the laws of the State of Alabama. NM is an American financial services mutual organization based in Milwaukee, Wisconsin. NM provided multiple long-term life insurance police plans to the Debtor and its insiders. NM was an entity for whose benefit certain recoverable transfers alleged in this Complaint were made and/or an immediate or mediate transferee of such recoverable transfers.

10. Defendant Harold M. Baer ("Harold") is an individual who resides in San Bernardino County, California. On and before the Petition Date, Harold was the Debtor's President. At all relevant times, Harold controlled and managed the Debtor's day-to-day business operations and financial performance. Harold is an insider within the meaning of 11 U.S.C. §101(31). Harold was an individual for whose benefit certain recoverable transfers alleged in this

11. Defendant Sharon M. Baer ("Sharon") (together with Harold, the "Insiders") (together with NM and Harold, collectively, the "Defendants") is an individual who resides in San Bernardino County, California. Sharon is Harold's mother. Sharon was an insider within the meaning of 11 U.S.C. §101(31). Sharon was an individual for whose benefit certain recoverable transfers alleged in this Complaint were made and/or an immediate or mediate transferee of such recoverable transfers.

12. The Trustee reserves his right to assert more facts against the Defendants and/or to amend this complaint to allege such additional facts when they are discovered.

## GENERAL ALLEGATIONS

13. The allegations contained in paragraphs 1-12, inclusive, are re-alleged and incorporated herein by this reference, as though set forth in full.

14. The Trustee is informed, believes, and based on thereon alleges that the Debtor was a merchant wholesaler of stationery and office supplies including laser toners and ink jet cartridges, printer ribbons, and all other consumable computer supplies. As the President of the Debtor, Harold controlled and managed the Debtor's day-to-day business operations and financial performance.

15. The Trustee is informed, believes, and based on thereon alleges that on January 30, 2020 (the "Petition Date"), the Debtor filed for bankruptcy protection under chapter 7 of the Bankruptcy Code.

16. The Trustee is informed, believes, and based on thereon alleges that on December 27, 1997, Sharon purchased a long-term life insurance plan with Policy Number 14-380-098 ("Policy #098") from NW. Sharon was the owner of and the individual insured by Policy #098. The beneficiaries of Policy #098 were her five children including Harold, Laura Losquadro, Linda Williams, Elizabeth Wakeman and William S. Baer. The annual premium of Policy #098 was $1,924.00 with a monthly payment of $167.39.

17. The Trustee is informed, believes, and based on thereon alleges that on June 27, 1998, Harold purchased a long-term life insurance plan with Policy Number 14-707-218 ("Policy

#218") (together with Policy #098, the "Policies") from NW. Harold was the owner of and the individual insured by Policy #218. The annual premium of Policy #218 was $5,576.72 with a monthly payment of $485.17.

18. The Trustee is informed, believes, and based on thereon alleges that the payments for the premiums of the Policies were made to NM from the Debtor's Insurance Service Account 73-326-56 on a monthly basis since the purchase of the Polices until the Petition Date.

19. The Trustee is informed, believes, and based on thereon alleges that during the four years leading up to the Petition Date, the Debtor made payments for the premiums of Policy #098 to NM in the total amount of $7,696.00.

20. The Trustee is informed, believes, and based on thereon alleges that during the four years leading up to the Petition Date, the Debtor made payments for the premiums of Policy #218 to NM in the total amount of $22,306.88.

21. The Trustee is informed, believes, and based on thereon alleges that the Policies were purchased for the sole benefit of the Insiders and/or their family members. They had no legitimate business purposes and were not for the benefit of the Debtor.

22. The Trustee is informed, believes, and based on thereon alleges that during the four years leading up to the Petition Date, the Debtor's payments for the premiums of the Policies (the "Pre-Petition Transfers") in the aggregate amount of $30,002.88 were all made solely for the benefit of the Defendants and/or the Insider's family members.

23. The Trustee is informed, believes, and based on thereon alleges that the Pre-Petition Transfers were made for purposes unrelated to the Debtor or its business for less than reasonably equivalent value and with actual intent to hinder, delay and defraud creditors.

**FIRST CLAIM FOR RELIEF**

**(Avoidance and Recovery of Intentional Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A), and 550, and California Civil Code § 3439.04(a)(1))**

24. The allegations contained in paragraphs 1 through 23, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

25. The Trustee is informed, believes, and based on thereon alleges that during the

5

four-year period immediately preceding the Petition Date, the Debtor made the Pre-Petition Transfers to or for the benefit of the Defendants and/or their family members.

26. The Trustee is informed, believes, and based on thereon alleges that the Pre-Petition Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud its creditors. Specifically, the Insiders caused the Debtor to make the Pre-Petition Transfers even though they knew or consciously or recklessly chose to ignore the facts known to them that the Debtor was in dire financial straits and was insolvent and/or unable to pay its debts as they became due in the ordinary course of business.

27. The Trustee is informed, believes, and based on thereon alleges that NM did not take any of the Pre-Petition Transfers for a reasonably equivalent value and/or did not take such Pre-Petition Transfers in good faith. Specifically, NM (i) knew or consciously or recklessly chose to ignore facts known to it that they were being paid by the Debtor because the Pre-Petition Transfers were identified as emanating from the Debtor; (ii) knew or consciously chose to ignore facts known to it that the Polices that it provided in exchange for the payments of premiums were for the sole benefit of the Insiders; and (iii) knew or consciously or recklessly chose to ignore facts known to it that the Policies provided by it for such payments conferred no or less than substantially equivalent value upon the Debtor.

28. The Trustee is informed, believes, and based on thereon alleges that the Pre-Petition Transfers were made with the actual intent to hinder, delay, or defraud creditors, including the Debtor.

29. The Trustee is informed, believes, and based on thereon alleges that at all relevant times, the Pre-Petition Transfers were voidable under Cal. Civ. Code § 3439.04(a) by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against its estate under 11 U.S.C. § 502, or that were not and are not allowable only under 11 U.S.C. § 502(e).

30. The Trustee is informed, believes, and based on thereon alleges that the Pre-Petition Transfers were fraudulent transfers avoidable under 11 U.S.C. §§ 548(a)(1)(A) and 544(b) and California Civil Code § 3439.04(a). The Trustee may recover for the benefit of the estate the

Pre-Petition Transfers, or the value of the Pre-Petition Transfers, from the Defendants, or any immediate or mediate transferee of the Defendants, pursuant to 11 U.S.C. §§ 548, 550, and 551.

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B), and 550, and California Civil Code §§ 3439.04(a)(2) and 3439.05(a))**

31. The allegations contained in paragraphs 1 through 30, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

32. The Trustee is informed, believes, and based on thereon alleges that during the four-year period immediately preceding the Petition Date, the Debtor made the Pre-Petition Transfers for the sole benefit of the Defendants and/or the Insider's family members.

33. The Trustee is informed, believes, and based on thereon alleges that NM did not take any of the Pre-Petition Transfers for a reasonably equivalent value and/or did not take such Pre-Petition Transfers in good faith. Specifically, NM (i) knew or consciously or recklessly chose to ignore facts known to it that they were being paid by the Debtor because the Pre-Petition Transfers were identified as emanating from the Debtor; (ii) knew or consciously chose to ignore facts known to it that the Polices that it provided in exchange for the payments of premiums were for the sole benefit of the Insiders and/or their family members; and (iii) knew or consciously or recklessly chose to ignore facts known to them that the Policies provided by it for such payments conferred no or less than substantially equivalent value upon the Debtor.

34. The Trustee is informed, believes, and based on thereon alleges that at all relevant times within the four years immediately preceding the Petition Date, the Debtor: (a) was insolvent, or became insolvent as a result of the Pre-Petition Transfers; (b) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

35. The Trustee is informed, believes, and based on thereon alleges that at all relevant times, the Pre-Petition Transfers were avoidable under California Civil Code §§ 3439.04(a)(2) and 3439.05(a), by one or more creditors who held and hold unsecured claims against the Debtor that

were and are allowable against its Estate under 11 U.S.C. §502 or that were not and are not allowable only under 11 U.S.C. § 502(e).

36. The Trustee is informed, believes, and based on thereon alleges that the Pre-Petition Transfers were fraudulent transfers avoidable under 11 U.S.C. §§ 548(a)(1)(B), 544(b) and California Civil Code §§ 3439.04(a) and 3439.05. The Trustee may recover for the benefit of the estate the Pre-Petition Transfers, or the value of the Pre-Petition Transfers, from the Defendants, or any immediate or mediate transferee of the Defendants, pursuant to 11 U.S.C. §§ 548, 550, and 551.

### THIRD CLAIM FOR RELIEF

**(Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a))**

37. The allegations contained in paragraphs 1 through 36, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

38. The Trustee is informed, believes, and based on thereon alleges that to the extent that the Defendants, named and unnamed, are not the initial transferees of the Pre-Petition Transfers and/or Post-Petition Transfers, such Defendants are immediate or mediate transferees of the initial transferee of such payments.

39. The Trustee is informed, believes, and based on thereon alleges that to the extent that the Defendants, named and unnamed, are the immediate or mediate transferees of the initial transferee of the Pre-Petition Transfers, such Defendants did not take such transfers for value and/or in good faith and/or without knowledge of the avoidability of such Pre-Petition Transfers.

40. The Trustee is informed, believes, and based on thereon alleges that each of the Pre-Petition Transfers referred to in this claim for relief is recoverable from such Defendants, named and unnamed, as an immediate or mediate transferee of the transfers the Debtor made to the initial transferees thereof.

### FOURTH CLAIM FOR RELIEF

**(To Recover and Preserve Transfers for The Benefit of The Estate)**

41. The allegations contained in paragraphs 1 through 40, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

8

42. The Trustee is informed, believes, and based on thereon alleges that the Defendants are in possession of the property received through the Pre-Petition Transfers.

43. The Trustee is informed, believes, and based on thereon alleges that as the subject of the Pre-Petition Transfers is property of the bankruptcy estate pursuant to 11 U.S.C. § 541, pursuant to 11 U.S.C. §§ 542 and 550, the Trustee is entitled to turnover of its interest in the Pre-Petition Transfers, and/or the value of its interest in the Pre-Petition Transfers.

44. The Trustee is informed, believes, and based on thereon alleges that once the Pre-Petition Transfers are recovered, pursuant to 11 U.S.C. § 551, the Pre-Petition Transfers are preserved for the benefit of the Estate.

**WHEREFORE**, the Debtor prays for judgment against Defendants as follows:

**AS TO THE DEBTOR'S FIRST THROUGH FOURTH CLAIMS FOR RELIEF:**

1. For avoidance and recovery of the Pre-Petition Transfers;
2. That the avoided Pre-Petition Transfers be preserved for the benefit of the Debtor's bankruptcy estate;
3. For turnover of the Pre-Petition Transfers or their equivalent value;
4. For interest as permitted by law from the date of the Pre-Petition Transfers.

**AS TO ALL CLAIMS FOR RELIEF:**

5. For costs of suit incurred herein, including, without limitation, attorney's fees;
6. For prejudgment and post-judgment interest at the legal rate on all damages and sums awarded to Plaintiff; and
7. For such other and further relief as the Court may deem just and proper.

Dated: May 5, 2021                                     GOE FORSYTHE & HODGES LLP

                                                       By: /s/Robert P. Goe
                                                           Robert P. Goe
                                                           Counsel to Steven M Speier,
                                                           Chapter 7 Trustee